Joshua W. Carden, SBN 021698
Joshua Carden Law Firm, P.C.
16427 North Scottsdale Road, Suite 410
Scottsdale, AZ 85254
joshua@cardenlawfirm.com
(480) 454-1100
(480) 454-1101 (Fax)
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jody Martinez,<br><br>                        Plaintiff,<br><br>v.<br><br>Hatch Associates Consultants, Inc.,<br><br>                        Defendant. | **ORIGINAL COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |

Plaintiff Jody D. Martinez, by and through the undersigned counsel, hereby seeks relief under the ADA and FMLA and Arizona's Paid Sick Time Law as follows:

**PARTIES**

1. Plaintiff Jody D. Martinez was at all relevant times herein a resident of Pinal County, Arizona, and an "employee" of Hatch Associates Consultants, Inc. for purposes of the ADA and FMLA and Arizona's Paid Sick Time law.

2. Defendant Hatch Associates Consultants, Inc. ("Hatch") is a New York corporation at all relevant times conducting its business in Maricopa County, Arizona and Pinal County.

3. Hatch was an "employer" of Plaintiff within the meaning and purposes of all relevant statutes at all times material to this action.

4. At all times pertinent to this Complaint, Hatch's managerial employees were acting within the course and scope of their employment with Hatch; and as a result thereof, Hatch is responsible and liability is imputed for the acts and omissions of its managerial employees, as alleged herein, under the principles of *respondeat superior*, agency, and/or other applicable law.



5. All acts alleged in this Complaint occurred in Pinal County, Arizona.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. Pendent jurisdiction over the related state law claims is invokes pursuant to 28 U.S.C. § 1367.

7. The unlawful employment practices described herein were committed within Pinal County, State of Arizona.

8. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## ALLEGATIONS COMMON TO ALL CLAIMS

9. Hatch provides various engineering services throughout the country, with expertise in industrial steel making, non-ferrous metals.

10. Upon information and belief, Hatch employed more than 50 employees within 75 miles of where Martinez worked, and more than 500 employees overall.

11. The pertinent facts are partially summarized in Martinez's EEOC charge, Exhibit A, *infra*, which is attached and incorporated herein by reference pursuant to Federal Rules of Civil Procedure, Rule 10(c).

12. Martinez commenced employment with Hatch on or about October 23, 2017, most recently as a safety advisor at a mine in Superior, Pinal County, Arizona.

13. At all times his job performance was satisfactory or better.

14. Hatch was a subcontractor to Rio Tinto, who in partnership with BHP, owns the copper mine Resolution Copper.

15. In November 2018, Martinez learned that his mother had been diagnosed with a terminal condition.

16. This condition caused his mother to be disabled.

17. Martinez was a primary caregiver for his mother.

18. Martinez applied to Hatch for intermittent FMLA in order to care for his mother and was approved.

19. Upon information and belief, Hatch was aware of the nature of his mother's disability through the FMLA certification process.



20. Martinez used paid sick time to cover some of his FMLA intermittent absences.

21. More often, Martinez would occasionally be late to work because of the need to take his mother to doctor's appointments and treatments.

22. In February 2019, Martinez's manager David Sabourin terminated Martinez.

23. The stated reason Sabourin offered at the time was Rio Tinto's (not Hatch's) "budgetary reasons."

24. However, Martinez disputes this as he was the only employee laid off at that time.

25. Furthermore, under Rio Tinto's mandated "hire local" community agreement with Hatch, it should have been Martinez's non-local colleague terminated rather than Martinez.

26. Martinez contends that the true reason for his termination was his association with a disabled individual – his mother – and his use of FMLA leave and Arizona Paid Sick Time hours.

27. Martinez's mother died a few days after he was terminated by Hatch.

28. Martinez informed a Rio Tinto supervisor about the circumstances of his termination (including his use of medical leave and the excuse given) and complained to the Rio Tinto supervisor that he had been terminated in violation of the community agreement preference for true local employees, which Martinez was.

29. The Rio Tinto supervisor confirmed to Martinz that there were no issues with Rio Tinto's budget and that Hatch had made the decision to terminate him unilaterally.

30. The Rio Tinto supervisor also arranged to have someone at Rio Tinto notify David Sabourin about his false statements and the improper termination.

31. Thereafter, David Sabourin (who had previously offered to be a "good" reference for Martinez) sabotaged one or more additional job applications that Martinez made using him as a reference, delaying his re-employment.

32. David Sabourin did this in retaliation for Martinez engaging in protected activity by complaining to Rio Tinto.

**Administrative Remedy Exhaustion**

33. Martinez formalized a Charge of Discrimination on October 25, 2019, citing disability discrimination by association. A true and correct copy of that document is attached as



Exhibit A.

34. Martinez received a notice of suit rights for the Charge from the EEOC dated January 15, 2021. A true and correct copy of that document is attached hereto as Exhibit B.

35. This Complaint is brought prior to 90 days from the date Martinez received his right to sue letter.

36. All conditions precedent to the filing of this lawsuit have occurred or been satisfied.

**FIRST CAUSE OF ACTION – ADA DISCRIMINATION**

37. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

38. Plaintiff's mother's terminal medical condition, as described above, caused substantial limitation to her performance of major life activities, and/or the perception by Defendant that Plaintiff's mother experienced substantial limitations of major life activities.

39. Additionally, the length of time during which Plaintiff's mother experienced symptoms also constitutes a record of impairment.

40. Defendant was objectively and subjectively aware of Plaintiff's mother's disability.

41. Defendant made its decision to terminate Plaintiff because of his association with his disabled mother in violation of 42 U.S.C. §§ 12112(a) & (b)(4).

42. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in the form of past and future lost wages and value of benefits, and other compensatory damages such as emotional distress causing physical symptoms.

43. Defendant's conduct was malicious, done with reckless indifference, and/or performed with an evil mind so as to entitle Plaintiff to punitive or exemplary damages.

**SECOND CAUSE OF ACTION – ADA RETALIATION**

44. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

45. Plaintiff engaged in protected activity when he complained to Rio Tinto about his termination in violation of the policies contractually imposed on Rio Tinto's subcontractors, including Defendant.

46. Defendant was made aware of Plaintiff's protected activity as described above.

47. Defendant engaged in retaliation by taking an adverse action against Plaintiff,



namely sabotaging Plaintiff's future job applications, costing him one or more positions as a result, all in violation of the ADA's anti-retaliation provisions.

48. Though the "retaliation" box is not checked on the EEOC form, the substance of this retaliation claim is set forth on the face of the form.

49. Thus, Plaintiff has exhausted his administrative remedies as to this claim.

50. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in the form of past and future lost wages and value of benefits, and other compensatory damages such as emotional distress causing physical symptoms.

51. Defendant's conduct was malicious, done with reckless indifference, and/or performed with an evil mind so as to entitle Plaintiff to punitive or exemplary damages.

### THIRD CAUSE OF ACTION – FMLA INTERFERENCE

52. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

53. Plaintiff requested and received intermittent FMLA leave from Defendant in order to assist in caring for his mother's serious health condition.

54. Defendant terminated Plaintiff within three months of his approval for intermittent FMLA leave.

55. Plaintiff was not returned to his same or equivalent position.

56. It is unlawful for Defendant to interfere with or make any decision to terminate Plaintiff for exercising any rights under the FMLA, 29 U.S.C. § 2615(a).

57. Defendant has therefore caused Plaintiff's damages.

58. The Defendant's actions in violating the FMLA were willful, unreasonable, and without good faith.

59. Thus, in addition to the amount of any lost compensation, benefits and other monetary damages owed, Plaintiff is entitled to recover from the Defendant an additional equal amount as liquidated damages.

### FOURTH CAUSE OF ACTION – FMLA RETALIATION

60. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs

61. Plaintiff engaged in the protected activity of opposing Defendant's violation of his



FMLA rights.

62. Defendant had knowledge of Plaintiff's protected activity.

63. Plaintiff experienced retaliation as a result of his protected activity, including the repeated sabotage of his future employment efforts.

64. There was a causal connection between his protected activity under the FMLA, and Defendant's retaliation.

65. The Defendant's actions were willful, unreasonable, and without good faith.

66. As a direct and proximate result of Defendant's conduct, which violates the anti-retaliation provisions of the FMLA, Plaintiff is entitled to recover from the Defendants any lost compensation, benefits and other monetary damages owed, plus an additional equal amount as liquidated damages.

**FIFTH CAUSE OF ACTION – VIOLATION OF ARIZONA PAID SICK TIME LAW**

67. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

68. Arizona has adopted a Paid Sick Time law, A.R.S. §§ 23-371, *et seq*.

69. A.R.S. § 23-364(B) states:

> No employer or other person shall discriminate or subject any person to retaliation for asserting any claim or right under this article, for assisting any other person in doing so, or for informing any person about their rights.  Taking adverse action against a person within ninety days of a person's engaging in the foregoing activities shall raise a presumption that such action was retaliation, which may be rebutted by clear and convincing evidence that such action was taken for other permissible reasons.

70. Defendant violated A.R.S. § 23-364 as described herein.

71. Additionally, upon information and belief, Defendant failed to provide notice of Plaintiff's rights under A.R.S. 23-364, and/or failed to keep proper records as required therein.

72. A.R.S. § 23-364(C) authorizes a private right of action for any private party injured by a violation.

73. A.R.S. § 23-364(G) mandates a remedy of an amount "sufficient to compensate the employee and deter future violations, but not less than one hundred fifty dollars for each day that



the violation continued or until legal judgment is final."

74. Defendant's discrimination and/or retaliation is without justification or excuse.

75. As a direct result of Defendants' conduct, Plaintiff has suffered damages in an amount to be proven at trial, but not less than $150.00 per day until final judgment, and the failure to post and keep proper records penalties under A.R.S. § 23-364(F).

## JURY TRIAL DEMANDED

76. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

A. Declaring that the acts and practices complained of herein are in violation of federal and/or state law;

B. Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment or employment opportunities;

C. Directing Defendant to place Plaintiff in the position he would have occupied but for Defendants' unlawful actions, and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, including, but not limited to, back pay, front pay, pension, and other lost benefits;

D. Awarding Plaintiff compensatory and punitive damages in an amount to be determined by the jury;

E. Awarding Plaintiff statutory and liquidated damages in an amount to be determined by enforcement of the statutes herein.

F. Awarding Plaintiff pre- and post-judgment interest, the costs of this action, and reasonable attorneys' fees as provided by the statutes providing the causes of action cited herein; and

G. Granting such other and further relief as this Court deems necessary and proper.



Respectfully submitted on this 5th day of February, 2021,

                                                  JOSHUA CARDEN LAW FIRM, P.C.

                                                  By: s/Joshua W. Carden
                                                  Joshua W. Carden
                                                  *Attorneys for Plaintiff*
                                                  *Jody D. Martinez*

